**FENG JIAO CAO, Petitioner,**

v.

**Eric H. HOLDER Jr., U.S. Attorney General,[1] Respondent.**

**No. 07–0402–ag.**

United States Court of Appeals,
Second Circuit.

June 23, 2009.

Feng Jiao Cao, pro se.

Gregory G. Katsas, Assistant Attorney General; Mark C. Walters, Assistant Director; Stephen J. Flynn, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. REENA RAGGI and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner, Feng Jiao Cao, a native and citizen of the People's Republic of China, seeks review of the January 9, 2007 order of the BIA affirming the May 2, 2005 decision of Immigration Judge ("IJ") Robert D. Weisel denying Petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Feng Jiao Cao*, No. A 97 385 414 (B.I.A. Jan. 9, 2007), *aff'g* No. A 97 385 414 (Immig. Ct. N.Y. City May 2, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the IJ's decision rests on multiple alternate grounds and the BIA affirms that decision without expressly addressing each of the grounds, this Court may review the entire IJ decision and need not confine its review to the grounds expressly addressed by the BIA. *Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir.2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir. 2007). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

Petitioner does not challenge the IJ's adverse credibility finding; she admittedly lied during her credible fear interview by stating that she had been sterilized for having too many children. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005). While Petitioner made two new claims—that she would be persecuted because she had converted to Christianity and because she had left China illegally—the IJ did not credit those new claims, and Petitioner does not challenge that portion of the IJ's decision.

▆▆▆ All that remains is Petitioner's challenge to the IJ's finding that she could not establish eligibility for relief on account of her mother's forced sterilization or her desire to have a family in the future. As the agency found, any claim that Petitioner will be persecuted for violating China's family planning policy is "speculative at best" given that she is not married, has no children, and was never harmed in China. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005). Furthermore, Petitioner is not eligible for asylum and withholding of removal based on her mother's sterilization. *See Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir.2007); *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 314–315 (2d Cir. 2007). While Petitioner argues that she is eligible for relief because her illegal departure from China was an act of resistance, *see* 8 U.S.C. § 1101(a)(42), the agency's adverse credibility determination is fatal to her illegal departure claim.

The agency did not err in concluding that Petitioner failed to establish past persecution or a well-founded fear of persecution. Her applications for asylum, withholding of removal, and CAT relief were all based upon the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of